# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**JOVAN ALEXIS ALICEA CASANOVA;**<br>**LILLIANA FELICIANO DE ARCE**<br><br><br>**Debtor(s)** | **CASE NO.  16-02087   BKT**<br><br>**Chapter 13**<br><br>**Adversary No. 18-00014** |
| **ALEJANDRO OLIVERAS,**<br>**THE CHAPTER 13 TRUSTEE**<br><br>**Plaintiff**<br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO;**<br>**JOVAN ALEXIS ALICEA CASANOVA;**<br>**LILLIANA FELICIANO DE ARCE**<br>**Defendant(s)** | <br><br><br><br><br><br>**FILED & ENTERED ON 12/18/2018** |

## OPINION & ORDER

Before the court is the *Motion to Dismiss* [Dkt. No. 15] filed by Defendant Banco Popular de Puerto Rico (hereinafter "Defendant" or "Banco Popular"); *Reply to Motion to Dismiss* [Dkt. No. 26] filed by the Plaintiff Chapter 13 Trustee, Alejandro Oliveras-Rivera, (hereinafter "Plaintiff" or "Trustee"); Defendant's *Reply to Plaintiff's Opposition to Motion to Dismiss* [Dkt. No. 38];

Trustee's *Plaintiff's Opposition to Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss* [Dkt. No. 42]; and Defendant's *Sur-Sur-Reply to Plaintiff's Opposition to Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss (Docket No. 42)* [Dkt. No. 46]. In sum, the Trustee alleges that Defendant's claimed secured interest over Debtor's property is invalid. He seeks to declare Defendant's interest as unsecured, thereby permitting the Trustee to obtain an avoidance pursuant to § 544(a)(3). From the onset, the court clarifies that to adjudicate this matter, only the complaint and the documents attached to the same were given consideration.

**RELEVANT FACTS**

The pertinent facts are as follows. On November 16, 2007, Jovan Alexis Alicea Casanova and Lilliana Feliciano de Arce, the Debtors, acquired by title of segregation, constitution of easement, partial release and purchase through Deed No. 97 (hereinafter "Deed 97"), executed in Hatillo on November 16, 2007, before Notary Mario José García Incera, a specific lot, segregated from a larger plot of land, lot 500,029 from Lujan Developer, Inc. This main lot (#500,029) is recorded in the Arecibo Registry of the Property, at reverse of page 215, volume 1208.

On the same date, Debtors executed Deed No. 315 (hereinafter "Deed 315"), a mortgage deed, before Notary, Victor R. Nuñez Arco, as guarantee in favor of mortgagee Scotiabank of Puerto Rico, predecessor of Defendant who is the current holder of the referenced mortgage note. The two deeds were presented to the corresponding section of the Property Registry of Puerto Rico (hereinafter "Registry") for recordation on June 7, 2012, four years before Debtor's petition date. As

of the filing date of Defendant's *Motion to dismiss* and the Trustee's *Opposition to the Motion to Dismiss*, the Registry had not notified any defects and both deeds were still pending recordation.

## LEGAL DISCUSSION AND ANALYSIS

### A.  Dismissal Standard

The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Katz v. Pershing, LLC, 672 F .3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable ..." Ashcroft v. Iqbal, at 678. A well-pled complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, at 556. "In practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984)). On a motion to dismiss, however, courts are "not bound to accept as true a legal

3

conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d, at 12 (citing Twombly, at 555 (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff, and thus must accept all well-pled factual allegations as true. Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998).

**B.  11 U.S.C. §§ 544, 551 and Puerto Rico Mortgage Law**

Section 544(a)(3) of the Code states in relevant part:

(a) The trustee…may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-

…
(3) a bona fide purchaser of real property. . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)

Section 544 of the Code provides that a transfer may be avoided. Once the trustee exercises her power to avoid a transfer, the interest in property can be preserved for the benefit of the estate under 11 U.S.C. § 551. The code defines "transfer" in section 101(54). A transfer of property occurs with:

(A)     the creation of a lien;

(B)     The retention of title security interest;

(C)     the foreclosure of a debtor's equity redemption; or

(D)     each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with –

(i) property; or
(ii) an interest in property.

The definition of transfer, however, has limits. Initially, for a debtor to transfer property, the debtor must first have an interest in that property. That interest is generally determined with reference to state law or other applicable non-bankruptcy law. 2 COLLIER ON BANKRUPTCY ¶ 101.54 (Richard Levin & Henry J. Sommer eds., 16th ed.). Property rights in bankruptcy are created, defined and determined by state law. Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451 (2007), (quoting Butner v. United States, 440 U.S. 48, 55 (1979)). According to Puerto Rico Law, property rights such as mortgages, have a constitutive requisite.

Known as the constitutive effect of recordation, the effect of these statutes has long been recognized and affirmed by the First Circuit Court of Appeals on multiple occasions. See, e.g., Soto-Rios, 662 F.3d (holding that "under Puerto Rico law recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt."); Roig Commercial Bank v. Dueño, 617 F.Supp. 913, 915 (1985) (holding that "plaintiff['s] promissory note was personal property, but . . . [never] became "an interest [in the real property] [since] [f]ailure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, [and] solely enforceable against the maker.") See also Rosario Pérez v. Registrador, 115 D.P.R. 491 (1984).

5

In Puerto Rico, the requisites, nature, and effect of mortgages are set forth in the Commonwealth's Civil Code and mortgage law. Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 118 (1st Cir. 2011). Puerto Rico law requires that the mortgage deed be recorded at the Registry for the mortgage to be properly constituted and valid. See P.R. Laws Ann. tit. 31, § 5042 ("it is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property".). P.R. Laws Ann. tit. 30, § 6084 ("In order for voluntary mortgages to be validly constituted, it is required: (1) that they be stipulated in a deed; (2) that the document be recorded in the Property Registry".) P.R. Laws Ann. tit. 30, § 6084.

Both parties are essentially in agreement that Article 19, 30 P.R. Laws Ann. § 6034, of Law No. 210 of December 8, 2015, known as the Puerto Rico Mortgage Law, establishes, in pertinent part, that recorded titles shall become effective for third parties from the date of their recordation. Ergo, once the Property Registrar (hereinafter "Registrar") qualifies the deeds that were presented in the Registry, they will be recorded as of the date of presentation. The Puerto Rico Supreme Court confirmed this interpretation. In Gasolinas de Puerto Rico v. Richard Keeler, 155 D.P.R. 652, 675 (2001), the court concluded that the date of presentation will be the effective date of the recordation.[1] In other words the recordation in the Registry produces its effects retroactively from the specific date of the presentation.

---

[1] "De esta forma, si bien los títulos inscritos surten efectos en cuanto a terceros desde su inscripción, será la fecha de la *presentación* el momento determinante para que esta inscripción sea efectiva, pues *la inscripción en el Registro produce sus efectos retroactivamente desde el momento específico de la presentación.* Roca Sastre, *op. cit.*, pág. 5; Rivera Rivera, *op. cit.*, pág. 188. *Ponce Federal Savings v. Registrador*, 105 D.P.R. 486 (1976)." Gasolinas P. R. v. Registrador, 155 D.P.R. 652, 675 (P.R., 2001).

### C. **ANALYSIS**

### *Plaintiff's Position*

Plaintiff's contention in support of its challenge to Defendant's secured interest rests on the defects notified by the Registrar as to Segregation Deed No. 56[2] (hereinafter "Deed 56") which was executed by Lujan Developer, Inc., on November 13, 2009. These defects, the Trustee argues were never timely corrected. Pursuant to Article 1756 of the Puerto Rico Civil Code, one of the requirements to constitute a mortgage contract is "that the thing pledged or mortgaged is owned by the person who pledges or mortgages it." 31 PRLA § 5001(2). In the instant case, the property serving as collateral does not exist as it has not yet been segregated from Lot 500,029, therefore, Defendant cannot be construed as having a mortgage.

Article 238 of Law No. 210, 30 P.R. Laws Ann. § 6390, provides in pertinent part that if a notification of defects is issued by the Registrar and not corrected or a writing for the Registrar to re-assess ("recalificar") the matters is not submitted in sixty (60) days, the Registry will issue an expiration note. The effect of the expiration note pursuant to Article 238, is found in Article 201 of said law. That Article provides that "[t]he entries ["asientos"] of the Registry are extinguished and lose all its effect, in case of the cancellation, expiration or conversion. The right is considered to have ceased to exist from the moment of it being extinguished". ("The 'note of expiration in the presentation entry' ("nota de caducidad en el asiento de presentación") "expires" and extinguishes

---

[2] Deed No. 56 was executed by notary Mario José García Incera and is related to the housing development where Debtors' property is located.

the presentation entry.) <u>Derecho Registral Inmobiliario Puertorriqueño</u>, 2nd ed., Jurídica Editores, 2002, p. 326."

Finally, Trustee argues that even if the court determines that Banco Popular had a valid pre-petition lien, it cannot rely on Sections 362(b)(3) and 546(b)(1) of the Code to perfect or continue to perfect.[3] It is undisputable that, as of the commencement of the Debtors' bankruptcy case, it appeared from the Registry that the notification of Segregation Deed No. 56 lapsed and the defects stood uncorrected. Thus, purchase deed no. 97 and mortgage deed no. 315 could not be recorded and would have to be notified with defects by the Registrar due to lack of track. Thusly, Defendant cannot use Sections 546(b)(1) and 362(b)(3) for the post-petition perfection of its lien. Defendant's inability to perfect its lien is what gives rise to the Trustee's assertion that he is entitled to seek the avoidance of said lien under Code Section 544(a)(3) as a bona fide purchaser.

### *Defendant's Position*

Defendant argues that it does not contest that Deed 56 was subject to a notice of defect. However, as highlighted in its motion to dismiss, on April 23, 2018, Lujan Developer, Inc. executed Deed 13 before Notary Yelitza G. Vega Castro, whereby the defects notified by the Registrar as to Deed No. 56 were corrected pursuant to Puerto Rico Law. Defendant goes on to

---

[3] The exception to the automatic stay for acts to perfect under generally applicable law permitting perfection of interest in property does not create new rights or interests for creditor; instead, it merely permits perfection, or maintenance, or continuation of perfection, free of automatic stay that would otherwise be applicable, under circumstances in which creditor's action would be effective against trustee. 11 U.S.C.A. §§ 362(b)(3), 546(b)(1)(A). The filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection. 11 U.S.C.A. § 546(b)(1)(A). <u>See generally</u> <u>In re Perez Mujica</u>, 457 B.R. 177 (Bankr. D.Puerto Rico, 2011)(*affirmed* 492 B.R. 355 (D.P.R. 2013); <u>In re Ramos</u>, 493 B.R. 355 (Bankr. D.Puerto Rico, 2013).

state that there is no reason to presume that Deed 13 will not be recorded on the main property, Lot no. 500,029.

Defendant disagrees with the Plaintiffs' position and sustains that it has a secured interest over the Debtors' property. Defendant's mortgage deed is filed and pending recordation at the Registry and pursuant to applicable law, the ultimate date of recordation of its interest will relate back to the date in which the deed was originally presented in the Registry. In context, the mortgage deeds in question were filed with the Registry back in 2012, well before the commencement of the instant bankruptcy proceeding. The deeds whereas Debtors purchased a lot and executed the mortgage have not been notified of defects by the Registrar and are still pending recordation. Moreover, there exists no reason to assume that a defect notice will be issued by the Registrar. Consequently, BPPR's interest should be properly deemed as secured.

Defendant goes on to explain that nevertheless, in the unlikely event that a subsequent notice of defect is issued as to the purchase and mortgage deeds, Art. 238, supra, provides an alternative to correct any notification of defects by the Registrar. Art. 238 reads, in pertinent part, that "the correction of the defects notified [by the Registrar] shall be made within sixty (60) days of the date of said notification." As such, the notary that receives the notification will have sixty days to correct the notification. Under Section 546(b)(1) of the Code this would be considered a pre-petition interest that could be perfected and does not constitute a violation of the automatic stay.

### *Court's Ruling*

We start where we began. What does a complaint require in order to survive a Fed. R. Civ. P. 12(b)(6) challenge? As stated above:

> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.' Fortuño-Burset, 639 F. Supp. 2d, at 221 (Citing Iqbal, 129 S. Ct., at 1950; Fed. R. Civ. P. 8(a)(2)). In order to survive a motion to dismiss, the complaint must include "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" S.E.C. v. Tambone, 597 F. 3d 436, 442 (1st Cir. 2010) (*en banc*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable ..." Ashcroft v. Iqbal, at 678.

The Trustee relies on In re Mujica, 492 B.R. 355 (D.P.R. 2013), to support his position that the Defendant, within the bankruptcy context, cannot be considered to have a secured claim since, although it has an "interest in property", it does not have a lien.[4] The facts in Mujica have some similarity to the case presently before this court. A chapter 13 debtor filed an adversary proceeding to challenge the secured status of mortgagee (assignee) FirstBank's claim on the grounds that the deed of purchase in which the owners, prior to debtor's purchase of the property, was not registered and lapsed without the defects being cured. Further complicating the case, FirstBank had no facts to prove that it was the successor in interest of the original mortgagee. In light of these facts, the court in Mujica affirmed the bankruptcy court's conclusion that there was a missing link with titleholders

---

[4] Plaintiff's Opposition to Motion to Dismiss [Dkt. No.26, page 15]. "As said case mirrors the instant case in many ways, Plaintiffs submit that the reasoning by the bankruptcy court and of the district court affirming the lower court should be highly persuasive in the adjudication of the motion to dismiss in the instant case."

of real property which impaired assignee's ability to perfect the alleged lien,[5] for purposes of the statutory exception to the automatic stay in order to perfect interest in debtor's property. Specifically, where all that FirstBank had was an undated, unsupported endorsed mortgage note from mortgagee, and it failed to take action to correct defect in title upon notice of same from the Registrar within 60 days of notice.

Nonetheless, this court finds that Mujica can be distinguished from the case before us. At the outset, the Mujica court considered a deed of purchase which had not been registered due to the fact that there were defect(s) notified by the Registrar that had not been timely corrected. Moreover, the creditor, Firstbank, did not have the necessary documents to support the assignment from the original mortgagee. Neither of these facts are present in this case. The Trustee nor the Debtors have claimed that Banco Popular is not the rightful assignee. Also, and more to the point, the complaint includes as exhibit 3 a notification of default, which appears to be dated November 13, 2015. This notice was sent to the notary responsible for the presentation of Deed 56. However, the certification from the Registry dated February 2, 2017, (attached to the complaint as exhibit 4) contains, at Entry number 1316-846-AR01 regarding the presentation of Deed 56, that it is still pending recordation. Although the Trustee argues that this is an error given the lapse,[6] there is no documentation provided to support this assertion. The facts as presented in the complaint do not "…allow[s] the court to draw

---

[5] "…(expiration of an entry at the Property Registry due to uncorrected defects of a document presented prior to the mortgage deed, which were notified by the Registrar, impeded the recordation of a subsequent mortgage deed due to lack of successive tract)." In re Acosta, 464 B.R. 86, 95 (Bankr.D.Puerto Rico, 2011).

[6] Indeed, the complaint contains as part of the prayers for relief that the court "…order the Registrar to eliminate said entry because the deed was notified due to deficiencies and the time period to address those matters lapsed." [Complaint, Dkt. No. 1, page 15].

the reasonable inference that the defendant is liable ...” <u>Ashcroft v. Iqbal</u>, at 678. The facts contained in the complaint do not demonstrate that Trustee is entitled to relief. Debtors' and Banco Popular's Deeds 97 and 315 are still pending recordation. Any claim asserting otherwise has no place for consideration at this juncture.

**<u>CONCLUSION</u>**

For the reasons set forth above, the *Motion to Dismiss* [Dkt. No. 15] filed by Defendant Banco Popular de Puerto Rico is GRANTED. The adversary proceeding is dismissed. Clerk to enter the judgment in accordance with this Opinion and Order.

SO ORDERED

San Juan, Puerto Rico, this 18th day of December, 2018.

Brian K. Tester
U.S. Bankruptcy Judge